J. Ferd Oberwinder et al. [1] v. Commissioner. Oberwinder v. Commissioner
Docket Nos. 887 to 894 incl. and 1998.
United States Tax Court
1944 Tax Ct. Memo LEXIS 276; 3 T.C.M. (CCH) 391; T.C.M. (RIA) 44130; April 26, 1944
*276 Stanley S. Waite, Esq., 408 Pine St., St. Louis, Mo., for the petitioners in dockets Nos. 887 to 894 incl. Malcolm I. Frank, Esq., and W. R. Orthwein, Esq.; 722 Chestnut St., St. Louis, Mo., for petitioner in docket No. 1998. Richard A. Jennings, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the income tax of each of these petitioners for the calendar year 1940, in the amounts indicated: J. Ferd Oberwinder
$ 6,862.45
John Young Brown, Jr.
1,846.63
Roland Krebs
627.76
John M. Drescher
2,197.79
John Edmund Sullivan
1,727.58
Archie L. Lee
14,159.96
John Jay Johns
605.79
Hal H. Thurber and Marie G.
Thurber
497.24
Percy J. Orthwein
7,760.43
The single issue common to all these proceedings is whether respondent erred, as the petitioners contend, in including in each petitioner's income the cost of an annuity policy purchased for and assigned to him by his employer as an old-age or retirement benefit. Two of the proceedings contain one other minor issue, each of which was settled by stipulation to which effect will be given. Findings of Fact All the petitioners are residents of St. Louis, Missouri, *277 and filed their income tax returns for 1940 with the collector of internal revenue there, except petitioner John M. Drescher, who resides in Edwardsville, Illinois, and filed his tax return with the collector for the eighth district of Illinois. All returns were made on a cash receipts and disbursements basis. The petitioners are employees of D'Arcy Advertising Company, which, during November of 1940, purchased, assigned and delivered to each of the petitioners a single-premium contract of annuity, paying for them the amounts set forth here: Archie L. Lee
$20,115
John F. Oberwinder
10,700
Percy J. Orthwein
10,400
John Young Brown, Jr.
4,500
John M. Drescher
4,200
John E. Sullivan
4,200
John J. Johns
2,400
Roland F. Krebs
2,550
Harold H. Thurber
2,250
These contracts were purchased for the purpose of providing certain key employees with old-age or retirement benefits. Applications for the contracts were filed by the employer, with the signature of the annuitant appearing to confirm the personal statistics set out in the application. Each of them provides for the payment to the petitioner named therein, when he reaches the age of sixty years, of certain monthly *278 allowances during the remainder of his life. The contracts have no cash or loan value, and offer no option to the annuitant to take any amount by way of lump sum settlement or otherwise than as provided. If the annuitant should die before the maturity date of the contract, the entire amount of the purchase price is payable to his heirs, administrators or assigns; and if his death should occur after the maturity date, but before the total of the monthly payments amounted to the purchase price, the excess of the purchase price over the total payments is payable to his heirs, administrators or assigns. The contracts do not entitle the annuitants to participate in the surplus of the issuing company. The cost of the contracts was deducted from the income of the D'Arcy Advertising Company as a business expense in its tax return for 1940. Each of the petitioners is a stockholder in the company, but the cost of the contracts bear no proportionate relationship to their stock ownership. In the case of John M. Drescher, docket No. 890, with respect to the issue relating to the denial of the claimed deduction of $1,200.55 for business expenses, the parties have agreed that $900.55 is allowable, *279 and $300 should be disallowed, and we so find. With respect to petitioner Percy J. Orthwein, in docket No. 1998, it has been stipulated that the amount of $1,537.60 received by petitioner from a trust created for the benefit of petitioner's minor son by the beneficiary's grandmother is not includible in petitioner's taxable income. Opinion KERN, Judge: The sole issue before us is common to all these proceedings. It is whether respondent erred in taxing to each of the petitioners the cost of a single-premium annuity contract purchased for, assigned and delivered to such petitioner by his employer as an old-age or retirement benefit. The contracts had no cash surrender or loan value during the taxable year. They provided for the payment of certain monthly allowances beginning when the annuitant was sixty years old, with provision for the payment to his estate of any unpaid part of the purchase price in the event of the death of the annuitant before he had received an amount equal to the purchase price. The facts here are substantially similar to those which were considered in , in which we held that the amounts expended *280 by the employer for the annuity contracts there involved were expended for the benefit of the taxpayer, and were therefore includible in his income under the broad provisions of section 22 (a). Certain minor differences between the facts here and those in the Brodie case, supra, are noted, but it is not believed they indicate a different result. In the instant case, each of the annuitants was a stockholder in the company, and some of them were on the board of directors which authorized the purchase of the contracts, while the opinion in the Brodie case, supra, does not disclose whether the annuitants there were stockholders of the company or not. However, since the good faith of the parties to the arrangement is unquestioned, this fact is not particularly material, except that those petitioners who were members of the board which authorized the action are brought more nearly within the orbit of the case of . In the instant case, none of the contracts, except that of Archie L. Lee, contains any provision which would prevent the petitioners from assigning their contracts, while the contracts in the *281 Brodie case, supra, were specifically non-assignable. This distinction adds to the strength of our conclusion that the amounts expended for these contracts are taxable to the petitioners. Decision will be entered for the respondent in Dockets Nos. 887, 888, 889, 891, 892, 893 and 894. Decision will be entered under Rule 50 in Dockets Nos. 890 and 1998. Footnotes
1. John Young Brown, Jr., Roland Krebs, John M. Drescher, John Edmund Sullivan, Archie L. Lee, John Jay Johns, Hal H. and Marie G. Thurber, Percy J. Orthwein.↩